**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | CASE NO. 4:18-cr-00148-YGR-1 |
| Plaintiff, | |
| vs. | **ORDER DENYING MOTION FOR COMPASSIONATE RELEASE** |
| **TIMOTHY CRAWFORD,** | Re: Dkt. Nos. 64, 69 |
| Defendant. | |

On February 14, 2019, defendant Timothy Crawford pled guilty to violations of 21 U.S.C. sections 841(a)(1), (b)(1)(C), and (b)(1)(B)(iii) (possession with intent to distribute 28 grams or more of cocaine base) and 18 U.S.C. section 922(g) (felon in possession of a firearm and ammunition). On September 18, 2019, the Court sentenced Crawford to 78 months in the custody of the Bureau of Prisons ("BOP") and 5 years of supervised release. Crawford is currently serving his sentence at the BOP facility in Lompoc, California, with an anticipated release date of January 9, 2025 (assuming good-time credit reduction). Crawford brings the instant motion for compassionate release pursuant to 18 U.S.C. section 3582(c)(1)(A), or, in the alternative, for a recommendation to BOP of home confinement. The government opposes the motion.[1]

Section 3582 provides that a "court may not modify a term of imprisonment once it has been imposed except . . . upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant." 18 U.S.C. § 3582(c)(1)(A). After considering the sentencing factors from 18 U.S.C. section 3553(a) "to the extent that they are applicable," a court may grant a motion to reduce a sentence under two circumstances, one of which is "if it finds that . . . extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with

---

[1] As an initial matter, the parties dispute whether the Court has jurisdiction to review the motion: specifically, Crawford avers that earlier correspondence sent on April 18, 2020 began the required 30-day period, whereas the government highlights the administrative request that was made on May 8, 2020. The Court need not reach this issue, as 30 days have since elapsed from either date sufficient to confer jurisdiction on this Court as to Crawford's motion.

United States District Court
Northern District of California

1    applicable policy statements issued by the Sentencing Commission."  *Id*. § 3582(c)(1)(A)(i).

2    With respect to whether an "extraordinary or compelling reason" justifies release,

3    Crawford argues that he is particularly vulnerable to contracting and becoming seriously ill from

4    the ongoing coronavirus disease (COVID-19) pandemic.  Crawford points out that he is a 58-year-

5    old African-American man who suffers from high blood pressure, diabetes, and severe obesity,

6    among other conditions.  As the government notes and concedes, however, only his diabetes, and

7    severe obesity place him at high risk of severe illness from COVID-19 based on current Centers

8    for Disease Control ("CDC") guidance.[2]  The Court further notes that, since the completion of the

9    parties' briefing, the CDC has since recognized that individuals with high blood pressure might be

10   at an increased risk for severe illness from COVID-19.  The medical records would support a

11   finding of an "extraordinary or compelling reason" for Crawford's release.

12   However, the Court considers the totality of the circumstances.  With respect to whether a

13   sentence reduction is consistent with the Sentencing Commission's policy statements,[3] the Court

14   considers whether the defendant is "a danger to the safety of any other person or to the

15   community, as provided in 18 U.S.C. [section] 3142(g)."  *See* U.S.S.G. section 1B1.13.  Section

16   3142(g) lays out four factors for determining dangerousness: (1) "the nature and circumstances of

17   the offense charged," (2) "the weight of the evidence against the person," (3) the history and

18

19   [2]  *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/index.html

20   [3]  The Sentencing Commission's policy statement has not been amended since the effective
21   date of the First Step Act to refer to section 3852(c)(1)(A) motions filed by defendants, as opposed
     to the BOP.  There appears to be a split of authority in the district courts as to whether the policy
22   statement applies to motions for compassionate release filed by defendants.  *Compare United
     States v. Beck*, 425 F. Supp. 3d 573, 579 (M.D.N.C. 2019) ("While the old policy statement
23   provides helpful guidance, it does not constrain the Court's independent assessment of whether
     'extraordinary and compelling reasons' warrant a sentence reduction under § 3582(c)(1)(A)(i).")
24   *with United States v. Shields*, 2019 WL 2359231 at *4 (N.D. Cal. June 4, 2019) (rejecting
     argument that the court may disregard section 1B1.13 because it has not yet been amended
25   pursuant to the First Step Act), *reconsideration denied* (N.D. Cal. June 27, 2019).  In the absence
     of controlling authority on the issue, and in light of the limited statutory exceptions to the general
26   rule of finality of judgment, the Court finds it appropriate in this case at least to consider the
27   Sentencing Commission's policy statement regarding potential dangers to others and the
     community as a result of early release.
28

United States District Court
Northern District of California

1  characteristics of the person," and (4) "the nature and seriousness of the danger to any person or

2  the community that would be posed by the person's release."  18 U.S.C. § 3142(g).

3      The government's brief details Crawford's lengthy criminal history dating back to the

4  1983.   In short, over the course of several decades, Crawford has been convicted of multiple drug

5  trafficking charges and illegal firearm convictions.  Indeed, after having pled guilty to the charges

6  in this specific matter, Crawford – at the time on release on a bond and under supervision of

7  Pretrial Services – twice tested positive for cocaine before admitting that he had continued

8  manufacturing crack cocaine to earn additional income while awaiting sentencing.  Thus, the

9  nature and circumstances of his most recent offenses, in addition to his criminal history and to the

10  facts that Crawford has but served less than one year of his sentence and that he continued his drug

11  distribution while awaiting sentencing, suggests defendant's early release or request for home

12  confinement would pose a danger to the community.

13      Finally, with respect to the factors under 18 U.S.C. section 3553(a), these factors do not

14  support Crawford's request for compassionate release or for a recommendation of home

15  confinement. The law, and the specific facts of this case weigh against any granting of this motion.

16  Indeed, as the government points out, the granting of this motion would undermine the section

17  3553(a) factors, resulting in an effective sentence of 11 months, which is far below the applicable

18  guideline range, the mandatory minimum sentence, and the 78-month sentence that was ultimately

19  imposed by the Court.  The Court agrees.

20      For the foregoing reasons, defendant's motion for compassionate release, or in the

21  alternative, for a recommendation of home confinement, is **DENIED**.[4]

22      This Order terminates Docket Numbers 64 and 69.

23      **IT IS SO ORDERED.**

25  Dated: July 24, 2020

    **YVONNE GONZALEZ ROGERS**
    **UNITED STATES DISTRICT JUDGE**

---

[4] Good cause having been shown, the government's motion to seal Exhibit F is **GRANTED**. (Dkt. No. 69.)

3